IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 5:12-CV-27 (CAR) |
| | : | |
| WESTERN HERITAGE INSURANCE | : | |
| COMPANY; MARK DICKEY; BILLY | : | |
| MATTHEWS; BRIAN ROBINSON; | : | |
| EDWARD "BO" SIBILSKY, III; and | : | |
| NICKI SIBILSKY, | : | |
| | : | |
| Defendants. | : | |

### ORDER ON MOTIONS TO DISMISS

Currently before the Court are several motions: Defendant Western Heritage Insurance Company's ("Western Heritage") Motion to Dismiss [Doc. 18]; Defendants Mark Dickey, Billy Matthews, and Brian Robinson's Motion to Dismiss for Lack of Jurisdiction [Doc. 19]; Defendants Edward and Nicki Sibilsky's Motion to Dismiss for Lack of Jurisdiction [Doc. 20]; and Plaintiff Maxum Indemnity Company's ("Maxum") Motion to Dismiss Complaint Without Prejudice [Doc. 26]. Having considered each motion, the various responses and replies thereto, and the relevant case law, the Court **GRANTS** Plaintiff's Motion to Dismiss [Doc. 26], and **DENIES as moot** the remaining motions.

1

## Applicable Standard

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. Bell Atl. Corp., 550 U.S. at 556.

## Background

The underlying facts of this case are not in dispute. In September 2002, G. Lawson Lawrence ("Lawrence") leased a piece of property in Milledgeville, Georgia, to individual Defendants Mark Dickey, Billy Matthews, Brian Robinson, Edward Sibilsky, and Nicki Sibilsky. The individual Defendants formed and were members of Fitness Plus Health Club, LLC ("Fitness Plus"), which operated a health and fitness club on the property. The lease required the individual Defendants to carry liability insurance on the property.

Fitness Plus obtained a general commercial liability policy from Defendant Western Heritage in November 2002. The effective dates of this policy were November 27, 2002, to November 27, 2005. Fitness Plus is a named insured under the policy, as well as the individual Defendants. In July 2004, Lawrence obtained his own liability insurance policy for the property from Maxum. This policy was effective from July 17, 2004, to July 17, 2005.

In July 2005, a portion of the roof collapsed during a storm, injuring Albert Whipple and Whitney Harmon, who were in the fitness club at the time. Whipple and Harmon sued G. Lawson Lawrence to recover damages for their injuries, and Maxum, on Lawrence's behalf, settled the Whipple suit for $50,000 and the Harmon suit for $100,000. Western Heritage did not defend or indemnify Lawrence for either suit. Lawrence was not listed as an insured under the Western Heritage policy.

Maxum's policy provides that any right Lawrence has to recover the $150,000 is transferred to Maxum. The lease agreement between Lawrence and the individual Defendants contains a hold harmless clause, requiring the individual Defendants to hold Lawrence harmless for any claims for damages stemming from injury to any person on the premises. Western Heritage's policy obligates it to pay liability of its insureds assumed in an "insured contract," which means "[a] contract for a lease of premises." [Doc. 1, Ex. 2, p. 84]. Maxum interprets this language to include the lease

3

agreement between Lawrence and the individual Defendants. Maxum's bottom line argument is that these documents combined require Western Heritage to pay Maxum the $150,000 it paid to Whipple and Harmon. On January 25, 2012, Maxum filed suit against Defendants to recover $150,000 as well as attorney's fees it incurred in defending the Whipple and Harmon lawsuits.

## Discussion

At this point, all parties want this case dismissed, but each party presents to the Court a different avenue to achieve this mutually desired result. Western Heritage invites the Court to dismiss this claim for lack of subject matter jurisdiction, or, in the alternative, retain jurisdiction and dismiss the individual Defendants based on Rule 21 of the Federal Rules of Civil Procedure. Western Heritage then asserts that the Court should retain jurisdiction over the remaining claim, Maxum's direct claim against Western Heritage, and dismiss it based on Rule 12(b)(6) or Rule 56. The individual Defendants simply seek to be dismissed for lack of subject matter jurisdiction. Finally, Maxum asks the Court to dismiss all of its claims without prejudice pursuant to Rule 41(a)(2) so that it may re-file them in the Superior Court of Baldwin County.

Maxum's Complaint invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332. The diversity statute confers jurisdiction on the federal courts over civil actions between citizens of different states where the amount in controversy

exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity is required, and thus the citizenship of each plaintiff must be diverse from the citizenship of each defendant. <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61 (1996). A corporation is "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Maxum states in its Complaint that it is incorporated in Delaware and has its principal place of business in Alpharetta, Georgia. Maxum then states that Western Heritage is incorporated in Arizona and has its principal place of business in Scottsdale, Arizona, and further indicates that *all* individual Defendants are citizens of Georgia, as they reside in Milledgeville, Georgia. Clearly, from the face of the Complaint, complete diversity does not exist. Based on § 1332(c)(1), Maxum is a citizen of both Delaware and Georgia, and is not diverse from the individual Defendants. Thus, since complete diversity is lacking and Maxum's Complaint does not raise a federal question, this Court lacks subject matter jurisdiction over this matter.

As noted above, Maxum seeks dismissal of this case pursuant to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[1] Fed. R. Civ. P. 41(a)(2). The decision

---

[1] As Plaintiff notes, Rule 41(a)(1)(A) allows a plaintiff to voluntarily dismiss a pending action without a court order in two ways: (1) by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment; or (2) by filing a stipulation of dismissal signed by all the parties that

whether to grant or deny a Rule 41(a)(2) motion to dismiss without prejudice is within the sound discretion of the district court. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991). When making this determination, a court should focus on the interests of the defendant, because Rule 41(a)(2) was intended to protect defendants. Id. However, generally "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

Maxum filed its Complaint in January 2012, and the parties have not engaged in any discovery. The Court can see no legal prejudice to Western Heritage or the individual Defendants. The Court declines, as Western Heritage requests, to dismiss only the individual Defendants and retain jurisdiction over the remaining claim. For purposes of judicial efficiency, Maxum may re-file this action in state court against any or all of the Defendants in the current action.

## Conclusion

Accordingly, Maxum's Motion to Dismiss without Prejudice [Doc. 26] is **GRANTED.** Defendant Western Heritage's Motion to Dismiss [Doc. 18]; Defendants Edward and Nicki Sibilsky's Motion to Dismiss for Lack of Subject Matter Jurisdiction

---

have appeared. Fed. R. Civ. P. 41. Western Heritage has filed a motion for summary judgment and opposes Plaintiff's motion to voluntarily dismiss. Thus, Plaintiff must proceed under Rule 41(a)(2).

[Doc. 20]; and Defendants Mark Dickey, Billy Matthews, and Brian Robinson's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 19] are **DENIED as moot.**

SO ORDERED, this 14th day of May, 2012.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/lmh